THEODORE A. DODGE, TRUSTEE, ETC., RESPONDENT, *v.*
THOMAS FEAREY AND OTHERS, APPELLANTS.

*Tender — when it must be kept good up to and at the time of the trial.*

APPEAL from a judgment of the Albany County Court, in favor of the plaintiffs, entered upon the verdict of a jury, and from an order denying defendants' motion, for a new trial, upon the minutes. The action was replevin, and was brought to recover three heel-burnishing machines.

The plaintiff is the trustee of the owners of several patents and manufacturers of heel-burnishing machines under such alleged patents, and does business in Boston, Mass. The defendants are shoe manufacturers at Albany, and claimed to have bought and paid for, and to own absolutely, the machines in question. The plaintiff, however, claimed that the defendants are only lessees of the machines, and are bound to pay a royalty for the use of them.

Four or five months after the purchase, the plaintiff tendered the defendants the amount paid by them, and interest, and demanded the machines. The defendants refused.

The court, at General Term, after holding that the transaction was, in effect, an absolute sale of the machines to the defendants, said : "But there is still a difficulty in the case which should have a passing notice. The plaintiff received and used the checks sent him by the defendants in payment of the machines. Before he could recover back the machines in replevin, he was bound to return the money so received by him, in any view of the case. He offered it back before suit, and it was refused. The tender was not kept good, nor offered to be made good on the trial, and therefore, in a case like this, where the right of action is made to depend upon the tender, it will go for nothing, unless in some way kept good or made good to the party from whom the property is to be taken. The plaintiff should not have both the money and the property. This would be unjust, even although an action might be maintained for the money. The party might be insolvent ; in which case an action for the money would afford

inadequate relief. The money should be placed where the person to whom it was tendered might obtain it if he so chose to do, or it should be offered and paid into court on the trial. In this respect the case is like that where notes are required to be returned or surrendered before suit. They may be left with a third person for the party to whom they were tendered ; or it will be sufficient to surrender them on the trial. In either case, the rights of the latter, in that regard, are secured to him by the party whose duty it is to make the tender. If the tender be necessary at all, it should be made available, either by keeping it good, or, what would be equivalent, the making of it good on the trial. This case is unlike *Kortright* v. *Cady* (21 N. Y., 343) where the tender was held to discharge the security. It more resembles *The Brooklyn Bank* v. *De Grauw* (23 Wend., 342), where the tender went to the discharge of the right of action. There it was held that it must be kept good, which is sound doctrine, because it is based on justice and right. (See, also, *Roosevelt* v. *The Bull's Head Bank*, 45 Barb., 579; *Becker* v. *Boon*, 61 N. Y., 317.) Here the tender was necessary to the right of action for return of the property, hence should be kept good or made good at the trial."

*G. L. Stedman*, for the appellants. *R. W. Peckham*, for the respondent.

Opinion by BOCKES, J.; LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment and order reversed, new trial granted, costs to abide event.